IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
AT SOUTH BEND

**THE PECAN TRUST**
2759 W. DESERT SPLENDOR CT.                    CASE NO.
ORO VALLEY, AZ 85742

      AND

**NAOMI PERSHING**
INDIVIDUALLY, AS SETTLOR, AS TRUSTEE, AND AS BENEFICIARY
2759 W. DESERT SPLENDOR CT.
ORO VALLEY, AZ 85742

      AND

**CHRISTOPHER PERSHING**
INDIVIDUALLY, AS SETTLOR, AS TRUSTEE, AND AS BENEFICIARY
2759 W. DESERT SPLENDOR CT.
ORO VALLEY, AZ 85742

      PLAINTIFFS

                        COMPLAINT AND JURY DEMAND

      - VS. -

NEXUS RVS, LLC
C/O CLAUDE DONATI, S/A
3400 REEDY DRIVE
ELKHART, INDIANA 46514

      AND

NAVISTAR, INC.
C/O CORPORATION SERVICE COMPANY, S/A
135 NORTH PENNSYLVANIA ST., STE. 1610
INDIANAPOLIS, INDIANA 46204

      DEFENDANTS

---

## PRELIMINARY STATEMENT

1.    This case involves claims asserted under the Indiana Uniform Commercial Code,

the Magnuson Moss Warranty Act, and the Arizona Consumer Fraud Act ARS 44-1521, et seq.

2.    Jurisdiction exists with this court because a federal claim exists in which there is more than $50,000 in controversy under 15 USC 2301 et seq, invoking 28 USC 1331, and/or the amount in controversy is more than $75,000 and is between citizens of different states, invoking 28 USC 1332.

3.    This case involves a defective 2022 Nexus Rebel 30R recreational vehicle that Defendants warranted and contracted to warrant but which it was not able to repair within a reasonable number of chances or a reasonable amount of time, and whose warranty and/or contract of warranty Defendant breached.

4.    The vehicle which is the subject of this dispute was built and warranted by Nexus RVs LLC and Navistar, Inc. in whole or in part and manufactured in its final form in Indiana, was acquired by Plaintiffs in Arizona and was defective when acquired; ineffective repair attempts were made upon the subject vehicle by each defendants' authorized representative dealerships and defendant itself in Texas, Arizona, and Indiana; Nexus RVs LLC controlled the speed and processing of warranty repairs from its factory in Indiana, Navistar, Inc. controlled the speed and processing of warranty repairs from its factory in Illinois, the place where the relationship of the parties arose is Indiana and Illinois because the warranty obligations of each defendant were made by Defendant Nexus RVs LLC in Indiana and Defendant Navistar, Inc. in Illinois, and were received by Plaintiffs with the purchase of the subject RV in Arizona; and both Nexus RVs LLC and Navistar, Inc. advertised and solicited the sale of the RVs which they

manufactured, including Plaintiff's RV, in Indiana and Illinois.

## IDENTIFICATION OF PARTIES

5.    The Pecan Trust is a revocable trust established by Naomi Pershing and Christopher Pershing in the State of Arizona on September 13, 2017, in and under the laws of the State of Arizona, and is a consumer and buyer within the meaning of all applicable laws.

6.    Naomi Pershing and Christopher Pershing are each natural persons domiciled and residing in Arizona, are the sole settlors, trustees, and beneficiaries of The Pecan Trust, and are consumers and buyers within the meaning of all applicable laws.

7.    Defendant Nexus RVs LLC is a corporation authorized to do business and doing business in Indiana and elsewhere, is a citizen and resident of Indiana, is domiciled in Indiana, has its principal place of business in Elkhart, Indiana, and is a warrantor of a recreational vehicle that Plaintiffs acquired and a supplier and a merchant and a person.

8.    Defendant Navistar, Inc. was at all times relevant a corporation authorized to do business and doing business in Indiana, Illinois, and elsewhere and is the manufacturer and warrantor in whole or in part of the subject RV that Plaintiff acquired from Freightliner of Arizona, LLC, and has its principal place of business is in Illinois. Navistar, Inc. was, at all times relevant, engaged in the business of selling and servicing recreational vehicles through its authorized dealerships and agents that it maintains in Indiana, Illinois, Arizona, Texas and elsewhere. Navistar, Inc. is an original producer of completed components which are

furnished to a second vehicle manufacturer, such as Nexus RVs LLC in this case, for installation in a recreational or other vehicle prior to retail sale to a buyer, and is a supplier who engaged in the business of making a consumer product, specifically the subject vehicle's chassis and its related parts, directly or indirectly available to consumers like Plaintiffs.

9.     The vehicle at issue in this case was manufactured as a complete vehicle in Indiana, for distribution in Indiana, Arizona, and elsewhere and was warranted in whole or part by Nexus RVs LLC, using a chassis and its related parts which was manufactured and warranted in whole or part by Navistar, Inc.

10.    The Plaintiffs acquired the subject RV from Freightliner of Arizona, LLC, in Chandler, Arizona, and Freightliner of Arizona, LLC performed any pre-sale warranty repairs on the RV. At all times relevant, Freightliner of Arizona, LLC was a supplier, merchant and an authorized representative and agent of Nexus RVs LLC and Navistar, Inc. in Arizona for sale and servicing of Nexus RVs LLC and Navistar, Inc. products. At all times relevant, Freightliner of Arizona, LLC was authorized by Nexus RVs LLC to act for it as its authorized agent and representative in Arizona in all respects related to the sale of the vehicle involved in this case and the attempted performance of warranty repair and service work upon the subject new RV, and hundreds of other Nexus RVs LLC products sold by Freightliner of Arizona, LLC. At all times relevant, Freightliner of Arizona, LLC was authorized by Navistar, Inc. to act for it as its authorized agent and representative in Arizona in all respects related to the sale of the vehicle involved in this case and the attempted performance of warranty repair and service work

upon the subject new RV, and hundreds of other Navistar, Inc. products sold by
Freightliner of Arizona, LLC.

11.     The Plaintiffs presented the subject RV for repairs under the Navistar, Inc.
warranty to Kyrish Truck Centers of San Antonio. At all times relevant, Kyrish
Truck Centers of San Antonio was a supplier, merchant and an authorized
representative and agent of Navistar, Inc. in Texas for servicing of Navistar, Inc.
products in Texas. At all times relevant, Kyrish Truck Centers of San Antonio was
authorized by Navistar, Inc. to act for it as its authorized agent and representative
in Texas in all respects related to the attempted performance of warranty repair
and service work upon the subject new RV, and hundreds of other Navistar, Inc.
products.

12.     The Plaintiffs presented the subject RV for repairs under the Navistar, Inc.
warranty to RWC International, LTD. At all times relevant, RWC International,
LTD was a supplier, merchant and an authorized representative and agent of
Navistar, Inc. in Arizona for servicing of Navistar, Inc. products in Arizona. At all
times relevant, RWC International, LTD was authorized by Navistar, Inc. to act
for it as its authorized agent and representative in Arizona in all respects related
to the attempted performance of warranty repair and service work upon the
subject new RV, and hundreds of other Navistar, Inc. products.

13.     The Plaintiffs presented the subject RV for repairs under the Navistar, Inc.
warranty to Selking International, in Indiana. At all times relevant, Selking
International was a supplier, merchant and an authorized representative and
agent of Navistar, Inc. in Indiana for servicing of Navistar, Inc. products in

Indiana. At all times relevant, Selking International was authorized by Navistar, Inc. to act for it as its authorized agent and representative in Indiana in all respects related to the attempted performance of warranty repair and service work upon the subject new RV, and hundreds of other Navistar, Inc. products.

14. The Plaintiffs presented the subject RV for repairs under the Nexus RVs LLC warranty directly to Nexus RVs LLC at its factory in Indiana.

15. Plaintiffs presented the subject RV for repairs under the Nexus RVs LLC warranty to Kyrish Truck Centers of San Antonio, RWC International, LTD, and Selking International. At all times relevant, these dealers were each a supplier, merchant and an authorized representative and agent of Navistar, Inc. in Texas, Arizona, and Indiana for servicing of Nexus RVs LLC products. At all times relevant, these dealers were authorized by Nexus RVs LLC to act for it as its authorized agent and representative in all respects related to the attempted performance of warranty repair and service work upon the subject new RV.

**FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT**

16. This case involves a defective 2022 Nexus Rebel 30R recreational vehicle that defendants warranted and contracted to warrant but which they were not able to repair within a reasonable number of chances or a reasonable amount of time and whose warranties and contracts defendants breached.

17. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

18. This claim is for breach of express and implied warranties and/or contract by The Pecan Trust, Christopher Pershing (individually, as settlor, as trustee and as

6

beneficiary), and Naomi Pershing (individually, as settlor, as trustee and as beneficiary), and against defendant Nexus RVs LLC in Indiana and defendant Navistar, Inc. in Arizona, Texas, and/or Indiana.

19.    As a result of the above, and the allegations below, inter alia, defendants breached their warranties and/or contracts to the injury of Plaintiffs and that was unfair, deceptive, false and/or misleading to Plaintiffs.

20.    At all times relevant, Plaintiffs were consumers.

21.    At all times relevant, Freightliner of Arizona, LLC was a supplier and merchant and an authorized representative and agent of Defendant Nexus RVs LLC. Freightliner of Arizona, LLC sold the subject RV to Plaintiffs and performed warranty repairs on the RV, and was authorized by Defendant Nexus RVs LLC and Navistar, Inc. to act for it in all respects related to the sale and warranty repair work performed or attempted on the subject RV by it.

22.    At all times relevant, Defendant Nexus RVs LLC was a supplier and merchant and warrantor.

23.    At all times relevant, Defendant Navistar, Inc. was a supplier and merchant and warrantor.

24.    On or about May 11, 2021 the parties entered into a consumer transaction, in that Plaintiffs agreed to acquire from Freightliner of Arizona, LLC, Freightliner of Arizona, LLC agreed to sell to Plaintiffs, and defendants contracted and/or agreed to warrant the vehicle to be free from defects and/or that it would repair and/or replace any defect which it contracted and/or warranted against, the goods being a certain 2022 Nexus Rebel 30R recreational vehicle believed to bear VIN #

7

1HYKTSWM3MH199853.

25.  Plaintiffs acquired the vehicle in reliance on the existence of written warranties and/or contracts from defendants and on advertising representations and/or warranties of defendants.

26.  The purpose of defendants' warranties were (a) to get the RV fixed within a reasonable amount of time and within a reasonable number of attempts if a defect arose, and (b) to give Plaintiffs confidence in the reliability and quality of the RV, and (c) to give Plaintiffs confidence in the defendants' representations about the subject vehicle and the vehicles defendant designed and built, and (d) to give Plaintiffs confidence in defendants themselves as responsible companies that lived up to their representations, word, and warranties.

27.  After acquiring the vehicle, Plaintiffs discovered that it did not conform to the representations of Defendants inasmuch as it developed continuing malfunctions, defects and problems and that was unfair, deceptive, false and/or misleading to Plaintiffs.

28.  The defects in the RV included, but are not limited to: Fuel Gauge Malfunctions, Hard Time Putting Fuel In Tank, Engine Warning Light Illuminated, Panel Under Drivers Door Coming Apart, Bubbles On Floor Behind Drivers Seat, Bolts Sticking Out of Floorboards, Fan in Ceiling Broken, Lights in Cab Bunk Inoperative, Kitchen Window Shade Not Installed, LPG Sensor Broken, Toilet Paper Holder Stripped, Bathroom Door Magnet Torn Out, Rust Forming in "Stainless Steel" Sinks, Interior Cabinet Pneumatic Pistons Ripping Out, RG6 TV Cable for Bedroom TV Defective, Bedroom Slide Out Impacts and Mars Floor,

Floorboard Material Melting/Bubbling Behind Drivers Seat, Magnetic Sensor for Steps Not Properly Aligned/Secured, Paneling/Trim Pieces Coming Apart Near Entry Door & Rear Bedroom Wall, Fuse Panel Does Not Stay Shut, Automatic Leveling System Fails, Alarm Does Not Sound When Engine Powered On and Leveler Deployed, Clunking/Scraping Noise Middle Part of Overhead Cab in Transit, Microwave Busted, Microwave Door Cannot be Fully Opened, Microwave Not Secured Properly, Fridge Not Holding Temperature, Condiment Shelf Missing From Fridge, A/C Fans Turn Back on Immediately When Set to Auto, Multiple Water Leaks Under Bed, Water Leaks in Closed Compartment under Kitchen Cabinets, Kitchen Sink Drain Leaks, Shower Water Barrier Installation & Caulking Sloppy / Gappy, Water Pump not Enough Pressure for Proper Flow, Generator Exhaust Pipe Not Properly Secured, Exterior Storage Door Pistons Ripping Out, Battery Compartment Door Piston Installed Incorrectly, Second Rear Compartment Door Missing Latch, Door Covering Exterior TV Does Not Latch Properly, Side Door Lock Defective, Fuel Control Module Failure, Electric Cable Bundle Abraded by Drive Shaft, Cruise Control Spontaneously Disengages, among other things.

29.     Plaintiffs have been unable to use the vehicle in the expected, normal and customary manner because of the substantial defects and problems and malfunctions experienced with the subject RV and Plaintiffs' loss of confidence in the reliability of the subject RV and loss of confidence in the ability of the defendants, jointly and separately, to live up to its warranties and/or promises and/or representations.

30.     Plaintiffs notified defendants of the defects and non-conformities in the vehicle, the authorized repair facility's failed repair attempts, and its breach repeatedly prior to filing this case.

31.     On or about May 20, 2022, Plaintiffs contacted Defendant Nexus RVs LLC in writing at the address in its warranty regarding its authorized service center's unwillingness and/or inability to repair the RV, and the inadequacies of repairs, and advised Defendant Nexus RVs LLC of the failures and inadequacies, including a list of defects, providing Defendant with an opportunity to repair the RV at another authorized service center or at its Elkhart, Indiana factory. However, Defendant did not request that Plaintiffs allow it an opportunity to make repairs at another authorized service center or at Defendant's Elkhart, Indiana factory. Instead, Defendant returned the RV to Plaintiffs unrepaired, which had been at its Elkhart, Indiana factory for repairs at the time the letter was sent.

32.     On or about June 23, 2022, Plaintiffs contacted Defendant Navistar, Inc. in writing at the address in its warranty regarding its authorized service center's unwillingness and/or inability to repair the RV engine and fuel systems, and the inadequacies of repairs, and advised Defendant Navistar, Inc. of the failures and inadequacies, including a list of defects, providing Defendant with an opportunity to repair the RV. However, Defendant did not respond to Plaintiffs.

33.     In all respects, Plaintiffs substantially if not completely performed their obligations under defendants' respective warranties and defendants did not perform their obligations, as set forth herein above and below.

10

34.  Because of the contract and/or warranty-covered defects, Plaintiffs notified Defendants and/or one of its authorized servicing dealers of the numerous defects and on various dates delivered the RV into the possession of Defendants and/or one of its authorized servicing dealers at their cost and/or expense beginning shortly after the sale.

35.  Shortly after the purchase of the RV, Plaintiffs attempted to take the RV on its initial trip, but they only reached San Antonio before they were forced to stop for repairs.

36.  On June 10, 2021, Plaintiffs presented the RV for repair to Kyrish Truck Center, an authorized Navistar, Inc. dealer in San Antonio, Texas, for about 43 days for repair of the following defects under Navistar, Inc.'s and/or Nexus RVs LLC's warranty:

- Fuel Gauge Malfunctions;
- Hard Time Putting Fuel In Tank; and
- Engine Warning Light Illuminated.

37.  Following repairs at Kyrish Truck Center, Plaintiffs drove the RV back to their home in Arizona. However, within hours of leaving Kyrish Truck Center, all of the defects previously subject to repair arose again, and they carefully nursed the RV back to Arizona.

38.  On July 29, 2021, upon their return to Arizona, Plaintiffs presented the RV for repair to RWC International, LTD, an authorized Navistar, Inc. in Phoenix, Arizona, for about 59 days for repair of the following defects under Navistar, Inc.'s and/or Nexus RVs LLC's warranty:

- Fuel Gauge Malfunctions;

11

- Hard Time Putting Fuel In Tank;
- Engine Warning Light Illuminated;
- Panel Under Drivers Door Coming Apart;
- Bubbles On Floor Behind Drivers Seat; and
- Cruise Control Spontaneously Disengages.

39. On or about September 27, 2021, at Plaintiffs' request, the RV was transported from RWC International, LTD to Elkhart, Indiana for warranty repairs at the Nexus Factory in Elkhart, Indiana and at Selking International, an authorized Navistar, Inc. dealer in Indianapolis, Indiana. Repairs lasted about 253 days and the following defects were subject to repair on multiple occasions under the Navistar, Inc. and/or Nexus RVs, LLC warranty:

- Bolts Sticking Out of Floorboards;
- Fan in Ceiling Broken;
- Lights in Cab Bunk Inoperative;
- Kitchen Window Shade Not Installed;
- LPG Sensor Broken;
- Toilet Paper Holder Stripped;
- Bathroom Door Magnet Torn Out;
- Rust Forming in "Stainless Steel" Sinks;
- Interior Cabinet Pneumatic Pistons Ripping Out;
- RG6 TV Cable for Bedroom TV Defective;
- Bedroom Slide Out Impacts and Mars Floor;
- Floorboard Material Melting/Bubbling Behind Drivers Seat;
- Magnetic Sensor for Steps Not Properly Aligned/Secured;
- Paneling/Trim Pieces Coming Apart Near Entry Door & Rear Bedroom Wall;
- Mystery Switch Bedroom Wall;
- Mystery Switch Bed Frame;
- Fuse Panel Does Not Stay Shut;
- Automatic Leveling System Fails;
- Alarm Does Not Sound When Engine Powered On and Leveler Deployed;
- Clunking/Scraping Noise Middle Part of Overhead Cab in Transit;
- Microwave Busted;
- Microwave Door Cannot be Fully Opened;
- Microwave Not Secured Properly;
- Fridge Not Holding Temperature;
- Condiment Shelf Missing From Fridge;
- A/C Fans Turn Back on Immediately When Set to Auto;

- Multiple Water Leaks Under Bed;
- Water Leaks in Closed Compartment under Kitchen Cabinets;
- Kitchen Sink Drain Leaks;
- Shower Water Barrier Installation & Caulking Sloppy / Gappy;
- Siphon Pump and Related Wiring Missing;
- Water Pump not Enough Pressure for Proper Flow;
- Generator Exhaust Pipe Not Properly Secured;
- Exterior Storage Door Pistons Ripping Out;
- Battery Compartment Door Piston Installed Incorrectly;
- Second Rear Compartment Door Missing Latch;
- Door Covering Exterior TV Does Not Latch Properly;
- Side Door Lock Defective;
- Fuel Control Module Failure;
- Electric Cable Bundle Abraded by Drive Shaft;
- Cruise Control Spontaneously Disengages;
- Fuel Gauge Malfunctions;
- Hard Time Putting Fuel In Tank.

40. During the 253 days that the RV remained in Indiana for repairs, the above defects were subject to repair on multiple occasions by each defendant. Specifically,

a. On October 19, 2021, Nexus RVs LLC contacted Plaintiffs to inform them that the RV was repaired, Plaintiffs requested a video walkthrough of the RV to confirm the repairs, it was noted several items were not repaired at that time, and Nexus RVs LLC agreed to complete repairs.

b. On November 17, 2021, Nexus RVs LLC contacted Plaintiffs to inform them that the fuel system problems had been repaired at Selking International.

c. On November 20, 2021, during an extended test drive of the RV, the RV began to throw the same fuel system error codes, and Nexus RVs LLC agreed to return the RV to Selking International for repairs.

d. On March 1, 2022, Nexus RVs LLC informed Plaintiffs that the Selking

International repairs were completed and that the RV was ready for pickup.

e.   On March 8, 2022, Plaintiffs contacted Nexus RVs LLC regarding the status of repair of the defects identified on October 19, 2021 as unrepaired and the defects for which Nexus RVs LLC was unable to test during the video walkthrough.

f.   In April of 2022, Nexus RVs LLC and Plaintiffs did a video walkthrough and again determined that a number of items from the October 19, 2021 walkthrough still had not been repaired. Plaintiffs also requested that another test drive be done to determine if the fuel system issues had been repaired.

g.   On May 19, 2022, Nexus RVs LLC informed Plaintiffs that the RV had been picked up from Selking International and that the fuel is filling properly.

41.   On June 6, 2022, Nexus RVs had the RV delivered to the Plaintiffs residence. However, many of the defects were still unrepaired. Worse yet, new defects had arisen, including the following:

- Toilet Paper Holder Rusting;
- Freezer Condiment Shelf Missing;
- Drawer Latch in Bedroom Missing on Left Side;
- Exterior RV Soundbar Not Working;
- Charging Port Between Driver and Passenger Seat Broken;
- No Hot Water; and
- Chassis Battery Disconnect Switch Never Installed as Promised.

42.   After the RV was in the repair shop multiple times and out of service a total of about 329 days or more in the first year and accumulating about 48 warranty-

14

covered defects since its acquisition, Plaintiffs notified defendants that they wanted their money back but defendants would not do that.

43.  In spite of defendants' obligations, when Plaintiffs complained of the inability of defendants and their authorized warranty-repair facilities to repair the vehicle, defendants did not repair or replace or repurchase the subject vehicle.

44.  Prior to filing this case, Plaintiffs provided notice to Defendant Nexus RVs LLC about its unfair, deceptive, false and/or misleading acts, omissions, or practices, and failures to live up to its warranty and/or contract.

45.  Instead of performing as represented, defendants did not repair all defects in the vehicle once and for all time.

46.  As a result, defendants each breached their express and/or implied warranties and/or contracts and Defendant Nexus RVs LLC committed one or more unfair, deceptive, false and/or misleading acts, omissions, or practices.

47.  As a result, defendants' warranties and/or contracts failed of their essential purpose and any limitations contained within the warranty and/or contract are null and void and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

48.  In addition, any limitations contained within the warranty and/or contract are null and void and without consideration and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

49.  Through its advertising and otherwise, defendants each represented that the recreational vehicles and chassis they built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed

15

use, reliably operable for private transportation and recreational camping, and Plaintiffs acquired the vehicle in reliance upon the belief that Defendants possessed a high degree of manufacturing skill and judgment.

50.   Through its advertising and otherwise, defendants each represented that the recreational vehicles and chassis which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used, and Plaintiffs relied on such, but the vehicle involved in this case was not, however, of merchantable quality and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

51.   The malfunctions and defects in the vehicle severely and substantially impaired its use and/or safety and/or value to Plaintiffs and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

52.   Defendants' failure to timely fix all of the vehicle's defects has caused Plaintiffs to lose confidence in the reliability of the subject motor vehicle and in the ability of defendants to repair the vehicle's defects and that was unfair, deceptive, false and/or misleading to Plaintiffs.

53.   Plaintiffs provided defendants and/or one or more of defendants' authorized dealers with a reasonable number of opportunities to repair the vehicle but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

54.   As a result of the above facts, defendants each breached their warranties and/or contract and/or representations with respect to the vehicle.

55.   One or more of the defects and malfunctions in the vehicle were covered under

16

the terms of defendants' warranties and/or contract, and Defendants failed to repair the vehicle, thereby diminishing the use and/or safety and/or value of the vehicle and that was unfair, deceptive, false and/or misleading to Plaintiffs.

56. Defendants and/or one or more of defendants' authorized dealers had notices of the breaches of the warranty and/or contract and the defective condition of the subject motor vehicle within a reasonable time.

57. Plaintiffs suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of defendants and their authorized representatives to repair or replace the vehicle or refund its price and that was unfair, deceptive, false and/or misleading to Plaintiffs.

## SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT

58. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

59. This claim is for breach of express and/or implied warranties and/or contract of warranties and/or defendants' violation of its obligations under the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq, by Plaintiffs The Pecan Trust, Christopher Pershing (individually, as settlor, as trustee and as beneficiary), and Naomi Pershing (individually, as settlor, as trustee and as beneficiary), and against each defendant, including but not limited to its obligations to comply with its warranties and/or contract and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

60.  As a result of the above, among other things, defendants have breached their obligations under the Warranty Act and/or its applicable disclosure and/or other regulations.

61.  As a result of the allegations set forth in the first claim and also above, among other things, defendants breached their express and/or implied warranties without legal excuse.

62.  As a result of the above, among other things, defendants breached their obligation to make their respective warranty term disclosures and actions in full compliance with all provisions of the Warranty Act and the applicable Code of Federal Regulations.

63.  As a result of the above, inter alia, Defendants are each in violation of the Warranty Act.

### THIRD CLAIM: ARIZONA CONSUMER FRAUD ACT

64.  The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

65.  This claim is for violation of the Arizona Consumer Fraud Act, Deceptive Consumer Sales Act, ARS 44-1521 et seq., by The Pecan Trust, Christopher Pershing (individually, as settlor, as trustee and as beneficiary), and Naomi Pershing (individually, as settlor, as trustee and as beneficiary), and against Defendant Nexus RVs LLC.

66.  Among other things, one or more abusive and/or unfair and/or deceptive and/or unconscionable acts, omissions, or practices were committed by Defendant Nexus RVs LLC in violation of the Arizona Consumer Fraud Act, before, during or after a

consumer transaction between one or both Plaintiffs and a supplier in relation to the subject 2022 Nexus Rebel 30R RV.

67.   Defendant Nexus RVs LLC advertised and/or represented that the subject RV had performance characteristics, accessories, uses or benefits it did not have which the supplier knew or should reasonable have known it did not have.

68.   Defendant Nexus RVs LLC advertised and/or represented that the subject of a consumer transaction is of a particular standard or quality when it is not and the supplier knew or should reasonable have known it was not.

69.   Defendant Nexus RVs LLC represented that the transaction involved or did not involve a warranty and/or contract, a disclaimer of warranties, or other rights, remedies or obligations when the representation was false and the supplier knew or should reasonably have know that the representation was false.

70.   Defendant Nexus RVs LLC represented it would comply with its warranties and then breached its express and/or implied warranties and/or contract of warranty and that was unfair, deceptive, false and/or misleading.

71.   Defendant Nexus RVs LLC was obligated to comply with the Magnuson Moss Warranty Act and/or its applicable regulations but it and its warranty did not do so and that was unfair, deceptive, false and/or misleading.

72.   Defendant Nexus RVs LLC was obligated to comply with the public policy of the State of Arizona as expressed in other consumer protection statute(s) but it and its warranty did not do so and that was unfair, deceptive, false and/or misleading.

73.   Defendant Nexus RVs LLC failed to remedy defects in a warranted vehicle within a reasonable number of attempts although it promised it repaired warranted

19

defects and that was unfair, deceptive, false and/or misleading.

74.     Defendant Nexus RVs LLC failed to remedy defects in a warranted vehicle within a reasonable amount of time although it promised it would repair warranty defects and that was unfair, deceptive, false and/or misleading.

75.     Defendants included one or more unconscionable and/or unreasonable terms in the written warranty and/or contract document(s) even though they were not enforceable but would instead have the effect of misleading and misrepresenting to a consumer the parties obligations and that was unfair, deceptive, false and/or misleading.

76.     Defendant Nexus RVs LLC engaged in stalling and/or delaying the performance of a legal obligation, contrary to its representations and that was unfair, deceptive, false and/or misleading.

77.     Defendant Nexus RVs LLC represented that defects had been repaired when in fact they had not and that was deceptive.

78.     Defendant Nexus RVs LLC advertised its promises about its warranties to Plaintiffs and breached and/or failed to honor those promises about its express and/or implied warranties to Plaintiffs, and had a legal obligation to Plaintiffs with no valid legal defense for not performing those obligations, but avoided, or attempted to avoid, one or more of its obligations.  Defendant Nexus RVs LLC knew, or should have known, that doing so would be unfair, deceptive, false and/or misleading to the Plaintiffs, but did it anyway, and that was unfair, deceptive, false and/or misleading to the Plaintiffs.

79.     Defendant Nexus RVs LLC violated the Magnuson Moss Warranty Act in one or

more manners, and knew, or should have known that doing so would be unfair, deceptive, false and/or misleading, and did it anyway, and that was unfair, deceptive, false and/or misleading to the Plaintiffs.

80.     Defendant Nexus RVs LLC misrepresented the reliability, durability, and condition of the RV in its advertisements, including but not limited to its advertising brochures and online, knew or should have known it was doing so, but did it anyways and to the detriment of Plaintiffs, and that was unfair, deceptive, false and/or misleading to Plaintiffs.

81.     Defendant Nexus RVs LLC failed to perform a reasonable quality control inspection of the RV prior to distributing the subject RV for eventual sale to Plaintiff, knew or should have known it was doing so, but either failed to or knowingly ignored the defective condition of the RV immediately prior to or at the time of distribution, as the RV was riddled with defects at the time of sale, and that was unfair, deceptive, false and/or misleading to Plaintiffs.

82.     Defendant Nexus RVs LLC distributed the subject RV for eventual sale to Plaintiffs in a condition which was not and is not fit for its ordinary, recreational use and is not and was not merchantable, knew or should have known it was doing so, but did so anyway, breaching its implied warranty and violating the Magnuson Moss Warranty Act, and that was unfair, deceptive, false and/or misleading to Plaintiffs.

83.     Defendant Nexus RVs LLC altered the fuel neck of the subject RV in production, then distributed the subject RV for eventual sale to Plaintiffs, knowing that it had a defective fuel neck that made refueling the subject RV excruciatingly slow and

caused fuel to spill out while refueling, but failed to disclose this known defect to Plaintiffs, or to repair the defect prior to distribution and/or sale;

84. Defendant Nexus RVs LLC failed to perform a reasonable quality control inspection of the RV prior to distributing the subject RV for eventual sale to Plaintiffs, knew or should have known it was doing so, but either failed to or knowingly ignored the defective condition of the RV immediately prior to or at the time of distribution, as the RV was riddled with defects at the time of sale;

85. Defendant Nexus RVs LLC  knew or should have known that there was an electrical defect causing the microwave to be "always on" when plugged in. Instead of repairing the issue, Nexus or its authorized dealer turned off the circuit breaker energizing the microwave prior to sale, in order to conceal the defect;

86. Defendant Nexus RVs LLC  misrepresented the reliability, durability, and condition of the RV in its advertising brochures and online, knew or should have known it was doing so, but did it anyways and to the detriment of Plaintiffs.

83. As a result of the above, inter alia, Defendant Nexus RVs LLC committed one or more acts or practices of false advertising and/or deception in violation of the Arizona Consumer Fraud Act, thereby causing damage and injury to Plaintiffs in relation to the 2022 Nexus Rebel 30R.

**WHEREFORE**, judgment is demanded against Defendants as deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

### PRAYER FOR RELIEF

1.  On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial;

2.  On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial;

3.  On the third claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial;

### ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence and allowed by law, rescission and/or revocation of acceptance plus all damages and/or statutory remedies and relief as deemed proper, equitable and lawful by the Court, for each and every violation which may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the RV, and an Order finding Plaintiffs to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

Plaintiffs demand trial by jury on all claims and issues.

Respectfully submitted,


/s/ Elizabeth Ahern Wells_____
ELIZABETH AHERN WELLS
Attorney for Plaintiffs
8250 Washington Village Drive
Dayton, OH 45458-1850
Telephone:   937.432.9500
Fax:             937.432.9503
Email:           Beth@BurdgeLaw.com

Y:\data\Pershing, Chris & Naomi The Pecan Trust\Core Pleadings\Core Complaint Final 071122 bw.wpd