UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THE PECAN TRUST *et al.*,

Plaintiffs,

v.                                                          CAUSE NO. 3:22-CV-531 DRL-MGG

NEXUS RVS, LLC *et al.*,

Defendants.

OPINION AND ORDER

Naomi and Christopher Pershing (and their revocable trust)[1] purchased a Nexus-branded recreational vehicle that they claim is defective. Nexus RVs, LLC manufactured the unit with components built by Navistar, Inc. When repairs proved unsuccessful, the Pershings sued under the Magnuson-Moss Warranty Act (MMWA) and the Arizona Consumer Fraud Act (ACFA). Navistar asks the court to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6). The court grants the motion in part.

BACKGROUND

As it must, the court assumes the well-pleaded facts in the amended complaint as true for purposes of this motion. The Pershings established The Pecan Trust in 2017. On May 11, 2021, they purchased a 2022 Nexus Rebel 30R recreational vehicle from Freightliner of Arizona, LLC. Aside from a Nexus warranty, the purchase included a Navistar warranty [ECF 25-2] that generally covered defects in material or workmanship of its components, subject to certain exclusions.

The Pershings soon experienced issues with the unit. On June 10, 2021, they brought the recreational vehicle to Kyrish Truck Center, an authorized Navistar service center in San Antonio, Texas, which worked for 43 days to repair defects related to the fuel gauge, fueling process, and engine

---

[1] The court refers to all plaintiffs as the Pershings, except where context demands otherwise.

warning light. On July 29, 2021, they brought the unit to RWC International, an authorized Navistar service center in Phoenix, Arizona, which worked for 59 days to repair recurring defects along with defects in the panel under the driver's door, the floor behind the driver's seat, and the cruise control system. On September 27, 2021, the unit was transported to the Nexus factory in Elkhart, Indiana and to Selking International, an authorized Navistar service center in Indianapolis, Indiana, for 253 days of repairs on numerous defects.

On June 6, 2022, the unit was delivered back to the Pershings, but they believed that many of the defects still weren't repaired, and they observed others. Because the recreational vehicle had been out of service for about 329 days in its first year and had about 48 warranty-covered defects, the Pershings notified Nexus and Navistar that they wanted their money back. Nexus and Navistar declined. In July 2022, this suit ensued.

STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

Generally, if a party attaches evidence outside the pleadings in a motion to dismiss, "the court must either convert [the motion] into a motion for summary judgment under Rule 56 . . . or exclude the documents attached to the motion to dismiss and continue under Rule 12." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)). There is a narrow exception: a dismissal motion can rest on critical documents, central to the claim and referred to in the complaint. *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *188 LLC*, 300 F.3d at 735. This allowance applies particularly in cases of contractual interpretation. *Levenstein*, 164 F.3d at 347. Accordingly, the court considers the Navistar warranty booklet and Nexus written warranty [ECF 25-2, 26-1].

## DISCUSSION

A. *Choice of Law—Arizona Law for Implied Warranty Claim against Navistar.*

The amended complaint adumbrates Indiana, Arizona, or Texas law, and a conflict exists among these jurisdictions. *See Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004). The court thus must resolve the choice of law before analyzing claims. The claims rest on state law—even the MMWA borrows substantive state law—so the court applies Indiana's choice-of-law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *In re Bridgestone/Firestone Tires Prods. Liab. Litig.*, 288 F.3d 1012, 1015 (7th Cir. 2002).[2]

The Pershings argue that the choice of law in the Nexus warranty should govern the claims against Navistar; but Navistar wasn't a party to the Nexus agreement, nor are the warranty claims against Navistar an outgrowth of that agreement. Though generally "Indiana choice of law doctrine favors contractual stipulations as to governing law," *Allen v. Great Am. Rsrv. Ins. Co.*, 766 N.E.2d 1157,

---

[2] In their amended complaint, the Pershings say jurisdiction is proper under 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1332 (diversity jurisdiction). The Pershings have not properly pleaded diversity jurisdiction, but the choice of law analysis under diversity jurisdiction would require the court to consider Indiana's choice of law rules too. *See Ruiz v. Blentech Corp.*, 89 F.3d 320, 323 (7th Cir. 1996).

1162 (Ind. 2002), such stipulations aren't binding on someone who wasn't party to (or perhaps acting as beneficiary of) the agreement, *Young v. Tri-Etch, Inc.*, 790 N.E.2d 456, 459 (Ind. 2003).

For contract-related claims, the court applies the substantive law of the state with the most significant contacts. *Nat'l Union Fire Ins. Co. v. Std. Fusee Corp.*, 940 N.E.2d 810, 814 (Ind. 2010). The court assesses the most intimate contacts by considering (a) the place of contracting, (b) the place of contract negotiation, (c) the place of performance, (d) the location of the contract's subject matter, and (e) the domicile, residence, nationality, place of incorporation, and place of business of the parties. *See id.*; Restatement (Second) of Conflict of Laws § 188 (1988). From this analysis, the Pershings argue Indiana law whereas Navistar argues Arizona law.

Indiana doesn't employ *dépeçage*—analyzing separate issues within claims to assign state law for each issue, *see Simon*, 805 N.E.2d at 805—but instead treats each independent claim separately for purposes of choosing applicable law, *see, e.g., Ky. Nat'l Ins. Co. v. Empire Fire & Marine Ins. Co.*, 919 N.E.2d 565, 575-76 (Ind. Ct. App. 2010). The analysis of the implied warranty claim leads to the application of Arizona law.

The Pecan Trust (established in Arizona) and the Pershings (domiciled in Arizona) purchased the unit from a dealer in Arizona. They acquired it in Arizona. The contract was negotiated and formed thus in Arizona, with any warranties that became part of this bargain. The deal was initially performed in Arizona through the unit's delivery. Thereafter, repairs were sequentially performed in Texas, Arizona, and Indiana at facilities all alleged to be Navistar's agents. The repairs in Arizona occurred over 59 days, whereas the repairs in Indiana took considerably longer at 253 days. Navistar maintains its principal place of business in Illinois; and, as alleged, supplied components in Indiana where Nexus manufactured the unit. When repairs proved unsuccessful, Navistar returned the unit to the Pershings, so the subject matter of the unit exists today in Arizona.

Arizona law applies to the implied warranty claim. The place of performance splits its lens between Arizona and Indiana, but the other factors materially point to Arizona. The court thus applies Arizona law to the implied warranty claim, noting that it need not decide choice of law for the express warranty claim to answer today's motion.

B. *Implied Warranty Claim against Navistar.*

Navistar contends that the implied warranty claim fails because the Pershings weren't in privity with Navistar. The company's thrust in argument is that the Pershings never entered into a contract with it, only the dealer (Freightliner) or the end manufacturer (Nexus). The Pershings say they have sufficiently pleaded privity, though they cite no specific allegation on this point.

"Under Arizona law, privity of contract is required to maintain an action for breach of an implied warranty." *Chaurasia v. GMC*, 126 P.3d 165, 171 (Ariz. Ct. App. 2006); *see Flory v. Silvercrest Indus. Inc.*, 633 P.2d 383, 387-88 (Ariz. 1981); *Bestwick v. Newmar Corp.*, 576 F. Supp.3d 599, 603 (N.D. Ind. 2021). An implied warranty inheres in a sale of goods under the UCC. "In other words, Arizona law only provides for implied warranties by the seller in a given transaction, not by other parties that manufacture the goods being sold." *Reger v. Ariz. RV Ctrs., LLC*, 2017 U.S. Dist. LEXIS 132906, 5-6 (N.D. Ind. Aug. 21, 2017) (citing *Flory*, 633 P.2d at 388-89).

The amended complaint pleads that Navistar provided a warranty for its components, including the unit's chassis and engine. The amended complaint never says the Pershings stood in contractual privity with Navistar by purchasing the recreational vehicle directly. Quite to the contrary, the Pershings purchased the unit from Freightliner, or potentially Nexus.

The court notes that the amended complaint, in mere conclusory fashion without aid of facts to make the claim plausible, says Navistar was "engaged in the business of selling and servicing recreational vehicles through its authorized dealerships" and Freightliner "was authorized by Navistar [] to act for it as its authorized agent and representative in Arizona in all respects related to the sale."

The amended complaint offers a plausible basis for linking Navistar to the service centers for repairs, but not to the dealer as its authorized agent for purposes of the unit's sale.

Two problems exist with the court merely assuming a privity relationship by virtue of these bald allegations, particularly when the amended complaint alleges Navistar's role as a component manufacturer. First, the Pershings never advance this agency claim in briefing to create a privity link, and the court won't develop the argument for them. *See Gross v. Town of Cicero*, 619 F.3d 697, 704 (7th Cir. 2010). Second, on this pleading, Navistar supplied components with a warranty and authorized certain repairs. Using a dealer for repair service on components is one thing; but it would be extraordinary for a component manufacturer to use another company's dealership—the end manufacturer's dealership—as its agent for selling a recreational vehicle. And the Pershings allege no facts and offer no contract that would make the extraordinary plausible or permit their factual allegations about Navistar's component-supplying role to be viewed alternatively as a retail-selling role to these buyers. The court must dismiss the implied warranty claim accordingly.[3]

C. *Express Warranty Claim against Navistar.*

The Pershings also claim that Navistar breached its express warranty by failing to repair the unit's defects. Its limited warranty [ECF 25-2] covered component defects in material or workmanship, subject to a number of exclusions. Navistar argues that the Pershings cannot maintain an express warranty claim based on a failure to repair defects within a reasonable amount of time under Arizona law. The warranty alludes to no period of time or number of attempts in which repairs must be made.

---

[3] The Pershings cite *Ormsby v. Nexus RVs*, 2020 U.S. Dist. LEXIS 74333 (N.D. Ind. April 28, 2020), but there the plaintiffs pleaded privity with the recreational vehicle manufacturer (the end manufacturer, not a component manufacturer) by alleging that they purchased the unit from the manufacturer and paid the manufacturer a deposit, and that a regional sales manager recommended they purchase the unit "on behalf of [the manufacturer]." *Id.* at 6. Those aren't the facts here.

The parties debate whether Arizona requires repairs within a reasonable number of attempts, leading Navistar to argue that it could only breach its written warranty by failing to live up to its terms. Notably, Indiana courts have engaged in the choice of law analysis when there is a "potential conflict" between the laws of two candidate states, *see Stonington Ins. Co. v. Williams*, 922 N.E.2d 660, 665 (Ind. Ct. App. 2010), but this precise question—a reasonable number of attempts or not—doesn't drive a decision on this motion today. The court's inquiry at this stage is limited to only whether the amended complaint states a plausible claim for relief.

Under Arizona law, the Pershings must show "that an express warranty existed, the company failed to perform pursuant to that express warranty, and [they] suffered resulting damages." *Bestwick*, 576 F. Supp.3d at 603 (citing Ariz. Rev. Stat. § 47-2313(A)). Out of the gate, Indiana law has virtually the same standard: "(1) the existence of a warranty, (2) a breach, (3) causation, and (4) damages." *Zylstra v. DRV, LLC*, 8 F.4th 597, 601 (7th Cir. 2021) (citations omitted). The Pershings allege that Navistar warranted against defects in the recreational vehicle and provide some details about these defects. The parties tender the written warranty. The Pershings allege the company was unable or unwilling to repair or replace the components, and thereby breached the warranty. The Pershings also allege damages. That the Pershings also allege the notice they provided to the company, its attempts at repairs, and the time given to perform the repairs doesn't deprive their amended complaint of its plausible express warranty claim against Navistar.

D. *Remaining Claims and Remedies.*

On this record, the Pershings have not established that they can pursue revocation or rescission as a remedy against Navistar. No deceptive practices claim exists against Navistar to preserve rescission; and the Pershings have not articulated a basis for pursuing these remedies under the UCC for an express warranty claim against a distant component (non-selling) manufacturer. *See Seekings v. Jimmy GMC of Tucson, Inc.*, 638 P.2d 210-214 (1981) (requiring privity to pursue revocation

remedy). "The remedies associated with revocation of acceptance [like rescission] are intended to return the buyer and seller to their presale positions." *Id.*; *accord Castagna v. Newmar Corp.*, 2016 U.S. Dist. LEXIS 81013, 28-29 (N.D. Ind. June 22, 2016) (collecting cases holding the same under Indiana law). Still, by its wording, Rule 12(b)(6) challenges claims, not typically remedies. And Navistar has not argued an alternative procedure—say the rarer and generally disfavored avenue of striking a redundant or immaterial remedy under Rule 12(f). Though the court may act on its own under this rule, the court declines to do so today in favor of a fuller record.

The MMWA claim rises and falls with the express and implied warranty claims, *see Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001), so this claim remains given that the express warranty claim against Navistar survives.[4] The court denies the motion in these respects.

CONCLUSION

Accordingly, the court GRANTS IN PART and DENIES IN PART Navistar's motion to dismiss [ECF 25] and DISMISSES the implied warranty claim against Navistar alone. The Pecan Trust and the Pershings may proceed with their express warranty claim against Navistar, including through the MMWA.

SO ORDERED.

January 20, 2023                                     *s/ Damon R. Leichty*
                                                     Judge, United States District Court

---

[4] The court declines to address Navistar's new argument against the MMWA claim asserted only in reply. *See Darif v. Holder,* 739 F.3d 329, 336 (7th Cir. 2014).