UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THE PECAN TRUST *et al.*,

    Plaintiffs,

v.

NEXUS RVs, LLC *et al.*,

    Defendants.

CAUSE NO. 3:22cv531 DRL

OPINION AND ORDER

Naomi and Christopher Pershing (and their revocable Pecan Trust) seek compensation from Nexus RVs, LLC and Navistar, Inc. for their recreational vehicle, which they call defective. On March 14, 2025, the Pershings (for short) moved to exclude an opinion from Nexus's proposed expert under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). The court declines.

A witness may testify in the form of an expert opinion when (1) the witness is "qualified as an expert by knowledge, skill, expertise, training, or education;" (2) the testimony is "based on sufficient facts or data;" (3) the testimony is "the product of reliable principles and methods;" and (4) the opinion "reflects a reliable application of the principles and methods to the facts of the case" in such a way that the testimony will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702 (as amended).[1] Although this analysis remains flexible, *Daubert*, 509 U.S. at 594, the fundamental considerations of reliability and helpfulness that render opinion testimony admissible are well understood, *see Am. Home Assurance Co. v.*

---

[1] The Pershings quote the old rule, but this has no effect on the outcome today.

*Makita Corp. of Am.*, 752 F. Supp.3d 1028, 1033 (N.D. Ind. 2024) (citing *Constructora Mi Casita, S de R.L. de C.V. v. NIBCO, Inc.*, 448 F. Supp.3d 965, 970-71 (N.D. Ind. 2020)).

The proponent of opinion testimony must establish its admissibility by a preponderance of the evidence. *See* Fed. R. Evid. 702; *Varlen Corp. v. Liberty Mut. Ins. Co.*, 924 F.3d 456, 459 (7th Cir. 2019). The court needn't conduct an evidentiary hearing for this motion, and the parties don't request one. Concise briefing and deposition testimony permit the court to rule. *See, e.g.*, *Kirstein v. Parks Corp.*, 159 F.3d 1065, 1067 (7th Cir. 1998); *Target Mkt. Publ'g, Inc. v. ADVO, Inc.*, 136 F.3d 1139, 1143 n.3 (7th Cir. 1998).

Nexus offers Thomas Fribley as an opinion witness. He has over 28 years of experience with Coachmen Industries (another recreational vehicle company) where he held many roles in technical services, product evaluation, and sales. Since 2002, he has operated Fribley Technical Services, which offers expertise in RV inspections and technical services. He has been a certified master RV service technician since 1993 (a level four certification), and he has assisted in the design, manufacture, and repair of RVs and the training of others. He intends to offer a cost-of-repair opinion that triggers today's motion.

The Pershings say Mr. Fribley's opinion about the RV's diminished value is irrelevant. This is what is commonly called fit. *Daubert*, 509 U.S. at 591. Opinions must be tied to case facts and issues. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999). An opinion must help the jury decide an issue of consequence. Opinion testimony that "does not relate to any issue in the case is not relevant, and . . . non-helpful." *Daubert*, 509 U.S. at 591. A court should exclude testimony unless it reliably speaks, without confusing or misleading the jury, on a relevant issue that the jury must decide. *See* Fed. R. Evid. 403 and 702; *see, e.g., Hartman v. EBSCO Indus.*, 758 F.3d 810, 819

(7th Cir. 2014); *Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 897 (7th Cir. 2011); *Makita*, 752 F. Supp.3d at 1045.

The Pershings say Indiana law limits damages for a warranty breach to "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." Ind. Code § 26-1-2-714(2).[2] Mr. Fribley opines that the RV's diminished value is the total cost to repair it—approximately $6,000. He reaches this measure as of the time of his inspection, not valuing the unit at the time of its acceptance. Given this differential in timing, the Pershings say his opinion should be excluded.

Nexus rightly argues that Indiana law recognizes several alternative means for calculating damages under Indiana Code § 26-1-2-714 so long as they are reasonable, including the cost of repair. *See Irmscher Suppliers, Inc. v. Schuler*, 909 N.E.2d 1040, 1050 (Ind. Ct. App. 2009) (identifying cost of repair as one method); *Schroeder v. Barth, Inc.*, 969 F.2d 421, 423-24 (7th Cir. 1992) (same); *see also Cont'l Sand & Gravel, Inc. v. K&K Sand & Gravel, Inc.*, 755 F.2d 87, 91 (7th Cir. 1985) (affirming court's use of cost of repair as measure of damages under Illinois law "as well as under the general commercial law"). After all, the UCC permits post-acceptance recovery for a "loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable." Ind. Code § 26-1-2-714(1). Because Mr. Fribley offers a damage valuation that tends to aid the jury to decide a question of consequence within the UCC's allowance, *see Irmscher Suppliers*, 909 N.E.2d at 1050, and because the Pershings raise no doubts about his methods or bases, there are no grounds to exclude his opinion.

---

[2] The Pershings posit Indiana law for the warranty claim, and no one debates its application, so the court follows suit in applying Indiana law.

The Pershings prophylactically ask the court to exclude any opinions not disclosed by Nexus. This is a waste of energy. The Pershings identify no late, extraneous, or prejudicial opinion of concern. As part of the court's Article III function, it doesn't decide hypothetical or advisory questions. These parties understand their obligations under Rules 26 and 37. *See also David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). If an issue ever arises, it can then be presented for the court's decision.

The court DENIES the motion to exclude accordingly [79].

SO ORDERED.

June 4, 2025                                              *s/ Damon R. Leichty*
                                                         Judge, United States District Court